Case 4:20-cv-02822 Document 20 Filed on 06/25/21 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Delroy Anthony McLean, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Rodney Tate, Warden, Joe Corley § <br> Detention Center, § <br> Respondent. § | Civil Action H-20-2822 |

# Report and Recommendation

Delroy Anthony McLean is in custody at an Immigration and Customs Enforcement contract detention facility. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. (D.E. 1.) The government moves to dismiss the petition. The court recommends that the motion be granted in part and denied in part.

McLean's petition raises three types of claims: he attacks the order of removal entered against him; he complains that he has been denied access to the library and is being fed poorly; and he argues that he has been held in detention for longer than the law allows.

The government has moved to dismiss McLean's petition for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. With respect to McLean's claims directed at the propriety of the removal order, this court lacks subject matter jurisdiction to review such claims. *Moriera v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (explaining that the REAL ID Act divested district courts of jurisdiction to review removal orders). The court therefore recommends that McLean's claims attacking the order of removal be dismissed with prejudice.

McLean's claims about the conditions of his confinement must also be dismissed. A habeas corpus petition is not the proper vehicle for resolving issues related to conditions of confinement. "[H]abeas is

not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)). McLean's complaints about access to the library and the quality of the food he is being served challenge the conditions of his confinement, not "the very fact or duration" of his confinement. *See id.* The court therefore recommends that McLean's claims about the conditions of his confinement be dismissed without prejudice to being raised in a later civil rights lawsuit. *See Cuero Hernandez v. Mora*, 467 F. Supp.3d 454, 464 (N.D. Tex. 2020).

Finally, apparently relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), McLean argues that his lengthy and continued detention is unconstitutional. The government initially moved to dismiss McLean's petition for failure to state a claim upon which relief may be granted. The government argued that, because McLean was in criminal custody, not in ICE custody, the clock on his continued detention had not begun to run and therefore the petition was premature. (D.E. 12 at 3.) Attached to the motion to dismiss was a lengthy declaration prepared by an ICE Deportation Officer. (D.E. 12-1.) The declaration includes many facts that are far outside the pleadings. In a later supplemental filing (D.E. 17), the government explained that McLean was released from criminal custody and is back in ICE custody, but that "ICE believes his removal to be imminent." *Id.* at 2. For the latter proposition, the government does not attach a declaration or any supporting documentation.

The government is asking the court to consider matters outside the pleadings in resolving the instant motion to dismiss. When matters outside of the pleadings are presented to the court and not excluded, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

It has also come to the court's attention that McLean has appealed his immigration case to the United States Court of Appeals for the Fifth Circuit. *McLean v. Attorney General*, No. 20-61098 (5th Cir. March 8, 2021). The filing of an appeal of the BIA's decision may constitute a delay on McLean's part that may affect the court's analysis in this case. *See Lawal v. Lynch*, 156 F.Supp.3d 846, 854 (S.D. Tex. 2016).

Because the facts appear to be in flux, because the case presents issues that have not been briefed and because it appears appropriate to consider the record in the context of a motion for summary judgment, the court recommends that the motion to dismiss McLean's claims relating to the length of his detention be denied without prejudice.

The government shall file a motion for summary judgment with supporting documentation by August 27, 2021. McLean shall respond by September 17, 2021. The government may reply by September 24, 2021.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases[1]; 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 25, 2021.

*Peter Bray*
Peter Bray
United States Magistrate Judge

---

[1] The district court may apply Rules Governing Section 2254 to actions filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.