United States District Court
Southern District of Texas
**ENTERED**
November 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Delroy Anthony McLean, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Randy Tate, Warden, Joe Corley § <br> Detention Center, § <br> Respondent. § | Civil Action H-20-2822 |

# Report and Recommendation

Delroy Anthony McLean is in custody at an Immigration and Customs Enforcement contract detention facility. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. (D.E. 1.)[1] The government moves for summary judgment. The court recommends that the motion be granted and that this action be dismissed without prejudice.

## I.   Background and Procedural Posture

McLean's petition raises three types of claims: he attacks the order of removal entered against him; he complains that he has been denied access to the library and is being fed poorly; and he argues that he has been held in detention for longer than the law allows. (D.E. 1.) On the government's motion, the court dismissed the petition in part because the court has no subject matter jurisdiction to review the propriety of the removal order and because conditions of confinement cannot be attacked in a habeas petition. (D.E. 21.) As a result, the only issue remaining is whether McLean's continued detention pending deportation violates his constitutional rights.

---

[1] McLean filed a second habeas petition in the Middle District of Georgia raising the same issues but naming as defendants the Department of Homeland Security and the United States Department of Immigration and Customs Enforcement. That action was transferred to this district and consolidated with this action. (D.E. 24.)

The government now moves for summary judgment on the remaining claim. (D.E. 23.) McLean responded to the summary judgment motion but did not address the constitutionality of his detention. Instead, he mostly reiterated his arguments about the propriety of the removal order. McLean made one relevant statement in his response. He claimed that he spoke to the Jamaican consulate and that the consulate is awaiting approval from Jamaica's Ministry of Health before a travel document will issue. (D.E. 25 at 1.) He provided no documentary evidence of this assertion. Nevertheless, and out of an abundance of caution, the court ordered the government to provide further briefing to address McLean's statement. The government provided a supplement to its motion for summary judgment with supporting evidence. (D.E. 27.) McLean did not respond to the supplement. The motion for summary judgment is now ripe for decision.

McLean's history before the immigration and criminal courts is long and convoluted.[2] McLean, a citizen of Jamaica, was first admitted into the United States in 1989 as an unmarried child of an alien resident. (Simpson Decl. ¶ 3.) He sustained several criminal convictions between 1994 and 2008. *Id.* ¶¶ 5–11. He was first ordered removed in 2013, which he appealed. *Id.* ¶¶ 14–15. After further litigation before the Board of Immigration Appeals (BIA), he was again ordered removed on December 11, 2014. *Id.* ¶ 19. The BIA dismissed his appeal. *Id.* 21. During the years of 2014 through 2016, McLean filed many motions seeking release from immigration custody, sought habeas relief in federal district court in Georgia, and sought judicial review of his removal order in the United States Court of Appeals for the Eleventh Circuit. *Id.* ¶¶ 20–42.

On June 30, 2016, McLean made death threats against the Immigration Judge (IJ) presiding over his case. He was indicted for that conduct and eventually sentenced to forty-one months in prison. (Simpson Decl. ¶¶ 44, 47.) While serving his prison sentence, the BIA

---

[2] These facts, taken from Deportation Officer Adam Simpson's affidavit (D.E. 23-1), are undisputed.

2

terminated McLean's order of removal in light of intervening Supreme Court precedent. *Id.* On September 19, 2019, McLean was served with paperwork charging him with a new ground for removability, and he was again ordered deported on November 6, 2019. *Id.* ¶¶ 52, 54. McLean appealed to the BIA, which denied his appeal on November 13, 2020. *Id.* ¶ 64. McLean has sought judicial review in the United States Court of Appeals for the Fifth Circuit. *Id.* ¶ 65. That appeal is pending. *McLean v. Garland*, No. 20-61098 (5th Cir. Nov. 20, 2020).

Throughout all this time, McLean has continued to bring challenges to his detention, all of which have been denied. He has also made many efforts to avoid deportation. Most recently, McLean has "continually" refused to interview with the Jamaican consulate for purposes of obtaining a travel document, in response to which he has been served with several "failure to comply" notices. ¶¶ 67–72. Deportation Officer Simpson declares that, but for McLean's lack of cooperation, "his removal to Jamaica would be reasonably foreseeable in the future." *Id.* ¶ 73. He further states that McLean remains in custody pending the issuance of a travel document to effect McLean's removal to Jamaica. *Id.* at 6.

As mentioned, on September 17, 2021, in response to the motion for summary judgment, McLean stated that he spoke to the Jamaican consulate and was told that a travel document would not issue until he was approved for one by the Ministry of Health. (D.E. 25 at 1.) Pursuant to the court's order for further briefing, Simpson filed another declaration. (D.E. 27-1.) In it he reiterates that McLean failed to interview with the consulate numerous times in 2021 and was issued a letter each time explaining the consequences of his failure to comply, including that he would remain in custody pending deportation. (D.E. 27-1 ¶¶ 4–8; D.E. 27-2.) His latest failure to cooperate with the consulate was on June 14, 2021. (D.E. 27-1 ¶ 8.) According to Simpson, the United States is unaware of any attempt by McLean to cooperate with the Jamaican consulate of Jamaica. *Id.* ¶ 2. McLean did not respond to Simpson's supplemental declaration and has presented no evidence, other than his statement that he "spoke

to" the Jamaican consulate, that he has participated in obtaining a travel document.

## II. Analysis

Under 8 U.S.C. § 1231(a)(1)(A), an alien who has been ordered removed must be removed within ninety days. This is known as the "removal period." Because there is no indication that the Fifth Circuit has ordered McLean's deportation be stayed, the ninety-day removal period began when his removal became administratively final, that is, on November 13, 2020, when the BIA dismissed his appeal. *See* 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 1241.1(a). The ninety-day period is extended by statute past the ninety-day period if the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). During the ninety-day removal period, the Attorney General "shall detain the alien." 8 U.S.C. § 1231(a)(2). Aliens, such as McLean, who have been ordered removed under 8 U.S.C. § 1227(a)(2),[3] shall "under no circumstance" be released during the removal period. 8 U.S.C. § 1231(a)(2).

McLean has presented no information from which the court can conclude that his detention is improper. Although the default ninety-day removal period would have expired on February 11, 2021, because he has failed to cooperate with the consulate of his country in obtaining travel documents and continues to do so, the court concludes that the removal period has not yet expired. McLean has not demonstrated the violation of any constitutional right upon which habeas relief may be granted.

Assuming for the sake of argument that the removal period has expired, another statutory section comes into play. Because McLean is deportable under INA Section 237(a)(2), he may be detained beyond the removal period. 8 U.S.C. § 1231(a)(6). The Supreme Court,

---

[3] In paragraph 52 of his declaration, Officer Simpson states that McLean is removable under INA Section 237(a)(2), which is the same as 8 U.S.C. § 1227(a)(2).

in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), held that § 1231(a)(6) does not allow indefinite detention. It allows detention only for the time reasonable to effectuate removal, which is presumptively six months. *Zadvydas*, 533 U.S. at 701. Under *Zadvydas*, a petitioner must be released if he shows: (1) that he has been held longer than six months; and (2) that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*

McLean fails on both prongs of the *Zadvydas* analysis. First, the court notes that the six-month period identified by the Supreme Court is subject to tolling. *Lawal v. Lynch*, 156 F. Supp. 3d 846, 854 (S.D. Tex. 2016). McLean has appealed the BIA's dismissal of his appeal to the Fifth Circuit. His instant habeas petition is mainly directed toward attacking the grounds for his removal. He will not cooperate with the Jamaican consulate and thus cannot get a travel document permitting his own deportation. In short, McLean is doing everything possible not to be removed. Although McLean states, without any supporting documentation, that he spoke to the consulate and is waiting for a medical clearance of some kind, the unrebutted evidence shows that McLean has never cooperated with the Jamaican consulate in seeking a travel document. He presents no evidence to show that he has. The six-month period has thus been tolled.

Moreover, McLean's removal is imminent. As far back as July 7, 2016, the Jamaican consulate agreed to issue McLean a travel document. (Simpson Decl. ¶ 43.) There is nothing in the record before the court to show that McLean will not be deported—if he cooperates with the consulate, that is. The court notes that McLean's representation that the consulate is awaiting a medical clearance cuts against McLean's position. If believed, it suggests that he will be deported when conditions allow it.

McLean has not satisfied his burden to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future.

### *III. Conclusion*

McLean has not demonstrated that he is in custody in violation of the Constitution or laws of the United States. He is not entitled to habeas relief. The court recommends that McLean's petition for writ of habeas corpus be denied without prejudice.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases;[4] 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 30, 2021.

Peter Bray
United States Magistrate Judge

---

[4] The district court may apply Rules Governing Section 2254 to actions filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.